# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL BOURBIA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> S.C. JOHNSON & SON, INC., <br><br> Defendant. | Civil Action No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Daniel Bourbia ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant S.C. Johnson & Son, Inc. ("S.C. Johnson" or "Defendant").

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of purchasers of Off! Family Care Clean Feel Insect Repellent ("Off! Clean Feel") in the United States.

2. Defendant represents that Off! Clean Feel is an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes." Unlike other personal repellents distributed by Defendant, Off! Clean Feel is a deet-free formulation, and instead contains picaridin:




3. Unfortunately for consumers however, Off! Clean Feel is a complete sham. Scientific evidence shows that Off! Clean Feel does not repel mosquitos. The product is ineffective and worthless.

4. Independent laboratory testing commissioned by Plaintiff's counsel in early 2018 revealed that Off! Clean Feel was ineffective in repelling Aedes mosquitoes and Culex mosquitoes – the two most worrisome and common species of mosquitos found in the United

States.[1] Defendant's Product failed the laboratory testing almost immediately—within half an hour of application, all of the test subjects were bitten by both species of mosquitos.

5.  This is a stark contrast to the instructions of the product, which specify to "[r]eapply every 3-4 hours. Frequent reapplication and saturation are unnecessary. Do not apply more than three times per day."

6.  Off! Clean Feel also flunked 2016 testing by Consumer Reports "to see how effectively it protects against Aedes mosquitos (that tend to bite during the day and can spread Zika) and Culex mosquitos (nighttime biters that can spread West Nile)."[2] During the Consumer Reports testing, the subjects were bitten by both species of mosquitos within one hour after application of Off! Clean Feel.[3] This led Consumer Reports to conclude that Off! Clean Feel exhibited "[p]oor performance at repelling mosquitos."[4]

7.  Upon information and belief, Defendant has sold millions of units of Off! Clean Feel by promising consumers an effective insect repellent.

8.  Plaintiff is a purchaser of Off! Clean Feel who asserts claims on behalf of himself and similarly situated purchasers of Off! Clean Feel for violations of the consumer protection laws of New York, unjust enrichment, breach of express warranty and fraud.

**PARTIES**

9.  Plaintiff Daniel Bourbia is a citizen of New York who resides in New York, New York. Mr. Bourbia purchased Off! Clean Feel from a Duane Reade store located in New York,

---

[1] *See* https://www.nytimes.com/2016/06/29/nyregion/mosquitoes-diseases-zika-virus.html

[2] *See* https://www.consumerreports.org/products/insect-repellent/off-familycare-ll-clean-feel-291704/overview/

[3] *See* https://www.consumerreports.org/content/dam/cro/news_articles/health/Consumer-Reports-Insect-Repellent-Ratings-February-2016.pdf.

[4] *See* https://www.consumerreports.org/products/insect-repellent/off-familycare-ll-clean-feel-291704/overview/

New York, in the summer of 2016 for approximately $7.  Prior to purchase, Mr. Bourbia carefully read the Off! Clean Feel bottle's labeling, including the representations that it was an "insect repellent," that it "repels mosquitoes," and that it provided "effective protection from mosquitoes."  Mr. Bourbia believed these statements to mean that Off! Clean Feel would repel mosquitos and relied on them in that he would not have purchased Off! Clean Feel at all, or would have only been willing to pay a substantially reduced price for Off! Clean Feel, had he known that these representations were false and misleading.  Plaintiff Bourbia used the product as directed, but it did not provide effective production from mosquitos, as advertised.

10. Defendant S.C. Johnson & Son is a Wisconsin corporation with its principal place of business in Racine, Wisconsin.  Defendant distributes Off! Clean Feel throughout the United States.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business throughout this District.

13. All conditions precedent necessary for filing this Complaint have been satisfied and/or such conditions have been waived by the conduct of the Defendant.

## CLASS REPRESENTATION ALLEGATIONS

14. Mr. Bourbia seeks to represent a class defined as all persons in the United States who purchased Off! Clean Feel (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

15. Mr. Bourbia also seeks to represent a subclass defined as all Class members who purchased Off! Clean Feel in New York (the "New York Subclass").

16. Members of the Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and New York Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

17. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of Off! Clean Feel is false and misleading.

18. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased Off! Clean Feel, and suffered a loss as a result of that purchase.

19. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute

5

this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

20. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Deceptive Acts Or Practices, New York Gen. Bus. Law § 349

21. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

22. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

23. By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by making false representations on the label of Off! Clean Feel.

24. The foregoing deceptive acts and practices were directed at consumers.

25. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the ability of Off! Clean Feel to repel mosquitos.

6

26. Plaintiff and members of the New York Subclass were injured as a result because (a) they would not have purchased Off! Clean Feel if they had known that Off! Clean Feel was ineffective to repel mosquitos, and (b) they overpaid for Off! Clean Feel on account of its misrepresentation that it is an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes."

27. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### False Advertising, New York Gen. Bus. Law § 350

28. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

29. Plaintiff brings this claim individually and on behalf of members of the New York Subclass against Defendant.

30. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting on the labeling of Off! Clean Feel its ability to repel mosquitoes.

31. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

32. This misrepresentation has resulted in consumer injury or harm to the public interest.

33. As a result of this misrepresentation, Plaintiff and members of the New York Subclass have suffered economic injury because (a) they would not have purchased Off! Clean

7

Feel if they had known that Off! Clean Feel was ineffective to repel mosquitos, and (b) they overpaid for Off! Clean Feel on account of its misrepresentation that it was an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes."

34.     On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
### Unjust Enrichment

35.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

36.     Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendant.

37.     Plaintiff and Class members conferred benefits on Defendant by purchasing Off! Clean Feel.

38.     Defendant has knowledge of such benefits.

39.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of Off! Clean Feel.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that Off! Clean Feel was an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes."

40.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT IV
### Breach of Express Warranty

41. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of members of the Class and New York Subclass against Defendant.

43. In connection with the sale of Off! Clean Feel, Defendant, as the designer, manufacturer, marketer, distributor, and/or seller issued written warranties by representing that Off! Clean Feel is an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes."

44. In fact, Off! Clean Feel does not conform to the above-referenced representations because Off! Clean Feel is ineffective to repel mosquitos.

45. Plaintiff and Class members were injured as a direct and proximate result of Defendant's breach because (a) they would not have purchased Off! Clean Feel if they had known that Off! Clean Feel was ineffective to repel mosquitos, and (b) they overpaid for Off! Clean Feel on account of its misrepresentation that it is an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes."

## COUNT V
### Fraud

46. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

47. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendant.

48. As discussed above, Defendant misrepresented on Off! Clean Feel's labeling that it was an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes."

49. The false and misleading representations and omissions were made with knowledge of their falsehood. Defendant is a top distributor of pest repellant products in the United States who is undoubtedly aware of the studies finding that its product does not work. Nonetheless, Defendant continues to sell its ineffective and worthless Off! Clean Feel to unsuspecting consumers.

50. The false and misleading representations and omissions were made by Defendant, upon which Plaintiff and members of the proposed Class and New York Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and New York Subclass to purchase Off! Clean Feel.

51. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
### Magnuson-Moss Warranty Act

52. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

53. Plaintiff brings this case individually and on behalf of the members of the proposed Class against Defendant.

54. Off! Clean Feel is a consumer product as defined in 15 U.S.C. § 2301(1).

55. Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

56. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

57. In connection with the sale of Off! Clean Feel, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that it was an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes." The period for effectiveness of the product was also stated in the directions: "reapply every 3-4 hours."

58. In fact, Off! Clean Feel is ineffective to repel mosquitoes.

59. By reason of Defendant's breach of warranty, Defendant violated the statutory rights due to Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq., thereby damaging Plaintiffs and Class members.

60. Plaintiffs and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Off! Clean Feel if they had known that Off! Clean Feel was ineffective to repel mosquitos, and (b) they overpaid for Off! Clean Feel on account of its misrepresentation that it is an "insect repellent" that "repels mosquitoes" and provides "effective protection from mosquitoes."

## RELIEF DEMANDED

61. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a. For an order certifying the nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and New York Subclass members;

    b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

    c. For an order finding in favor of Plaintiff, the nationwide Class, and the New York Subclass on all counts asserted herein;

    d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e. For prejudgment interest on all amounts awarded;

    f.      For an order of restitution and all other forms of equitable monetary relief;

    g.      For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

    h.      For an order awarding Plaintiff and the Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

### **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 2, 2018

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ *Yitzchak Kopel*
       Yitzchak Kopel

Scott A. Bursor
Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: scott@bursor.com
          ykopel@bursor.com
          aleslie@bursor.com

*Attorneys for Plaintiff*